UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:21-cv-61400

ARTHUR BRADFORD,

    Plaintiff,

v.

I.C. SYSTEMS, INC.,

    Defendant.
_____/

## MOTION TO AMEND COMPLAINT

Plaintiff Arthur Bradford ("Plaintiff"), by and through his undersigned counsel and pursuant to the Federal Rules of Civil Procedure, Local Rules of the United States District Court for the Southern District of Florida, and hereby files this Unopposed Motion to Amend Complaint, and in support states as follows:

1. Subsequent to the filing of the initial Complaint, Plaintiff came to learn of additional information which support the existence of additional, meritorious FDCPA violations committed by Defendant not included in the initial Complaint, whereby such unincluded violations were the result of the same acts or omissions of Defendant are related to the FDCPA violations plead in the initial Complaint.

2. Attached as Exhibit "A" is a copy of the proposed First Amended Complaint, of which seeks to include claims arising from Defendant's failure to maintain a valid Consumer Collection Agency license with the Florida Department of State by way of failure to maintain, and keep up to date, the records and documents codified by Rule 69V-180.080 and Rule 69V-180-090 of the Florida Administrative Code.

3. It is well accepted that leave to amend should be freely granted unless amendment would be futile, wherein the Supreme Court long since stated:

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. *See generally*, 3 Moore, Federal Practice (2d ed. 1948), 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

Forman v. Davis, 371 U.S. 178, 230 (1962).

4. The liberal amendment policy of Rule 15(a) is restricted by the deadlines set forth in the Court's Case Management and Scheduling Order pursuant to Rule 16 of the Federal Rules of Civil Procedure, Id., whereby Rule 16 mandates that the court enter a scheduling order that sets forth the deadline for amendment of the pleadings. Id. This is to ensure that at some point the pleadings will be fixed. Id.

5. With respect to the matter at hand, amendment to the pleadings is timely, as deadline for amendment has not yet passed. It warrants mention, however, that Plaintiff will be severely prejudiced if not permitted to amend her Complaint to include the sought additional claims. Similarly, ample time before close of discovery exists so as to permit sufficient inquiry into the additional claims sought by Plaintiff.

6. Defendant will not be prejudiced by the amendment sought, as it is early in the proceedings.

7. Thus, Plaintiff's motion is timely, as the deadline for amending the pleadings has not passed.

8. WHEREFORE, Plaintiff respectfully requests this Honorable Court grant Plaintiffs Motion to File the attached Amended Complaint.

### Certificate of Compliance with Local Rule 7.1

Pursuant to Local Rule 7.1(a)(3), undersigned counsel for Plaintiff conferred with counsel for Defendant, of whom stated that Defendant opposes to the relief sought herein.

Dated: October 1, 2021

Respectfully Submitted,

 /s/ Thomas J. Patti
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:       855-529-9540

*COUNSEL FOR PLAINTIFF*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 1, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

 /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377